**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL FEDERATION OF THE BLIND OF TEXAS, CEDRIC BRYANT, TED GALANOS, LOUIS MAHER, and MICHAEL MCCULOCH** *Plaintiffs*, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **V.** | §<br>§<br>§ | **Civil Action 4:26-cv-00845** |
| **TENESHIA HUDSPETH** *in her Official capacity as County Clerk of Harris County, Texas;* **and HARRIS COUNTY, TEXAS** *Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANTS TENESHIA HUDSPETH AND HARRIS COUNTY'S
MOTION TO DISMISS REHABILITATION ACT CLAIMS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Teneshia Hudspeth, in her official capacity as County Clerk of Harris County (Clerk), and Harris County, move to dismiss the Rehabilitation Act claims made in the Complaint (DKT 1) of Plaintiffs, National Federation of the Blind of Texas, Cedric Bryant, Ted Galanos, Louis Maher, and Michael McCulloch, as well as a putative class.[1]

Plaintiffs failed to state a claim against Defendants under 29 United States Code Section 794 because they broadly pleaded that the whole of Harris County—instead of a specific County program or activity—receives federal funding.

---

[1] Defendants reserve the right to challenge the certification of the putative class.

## 1. Background

Plaintiffs allege that because of their disabilities, they cannot read and mark responses on paper ballots without assistance from another person. (DKT 1 at ¶ 1). They claim that the paper vote-by-mail ballots provided in Harris County elections, which are administered by the Clerk, are "inaccessible" and prevent them from voting "privately and independently" due to their need for assistance in completing the paper ballots. (DKT 1 at ¶¶ 2-3). Plaintiffs claim that the Clerk and Harris County violate Title II of the American with Disabilities Act of 1990 (ADA) and Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act) because, consistent with state law, Plaintiffs receive paper vote-by-mail ballots, instead of electronic ballots that are sent to qualified County voters overseas and in the military. *See* (DKT 1 at ¶¶ 1-5). This motion addresses only Plaintiffs' claims under the Rehabilitation Act.

## 2. Standard of Review

To avoid dismissal under Rule 12(b)(6), Plaintiffs' Complaint must allege sufficient facts to support their claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, "formulaic recitation of the elements of a cause of action will not do." *Id.* Plaintiffs have not met this burden, given that they fail to sufficiently plead an essential element of a Section 504 Rehabilitation Act claim.

2

**3. Plaintiffs fail to sufficiently allege the federal funding requirement of a Rehabilitation Act Claim.**

Plaintiffs have not adequately pleaded a Section 504 Rehabilitation Act claim as to either Defendant. To establish a claim under this statute, Plaintiffs must show an "otherwise qualified individual with a disability" is "excluded from the participation in, [] denied the benefits of, or [] subjected to discrimination under *any program or activity **receiving Federal financial assistance***." 29 U.S.C. § 794(a) (emphasis supplied).  Therefore, "'to state a § 504 claim a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance.'" *Johnson v. Callanen*, 608 F. Supp. 3d 476, 487 (W.D. Tex. 2022) (quoting *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 427 (5th Cir. 1997)). Further, government officials, such as the Clerk, are not subject to Section 504 claims even if the governmental entity they serve receives federal money. *Lightbourn*, 118 F.3d at 427.

In *Johnson*, the Western District of Texas found failure to state a claim with almost identical Section 504 violation allegations made by one of the Plaintiffs in this case, the National Federation of the Blind of Texas. In a complaint substantially similar to the one here, the plaintiffs "broadly allege[d] that Bexar County receives federal financial assistance. ECF No. 1 ¶¶ 111, 116. But they ma[d]e no such allegation with respect to Ms. Callanen [the elections administrator]." *Johnson*, 608 F. Supp. 3d at 487. The court granted a Rule 12 motion by Bexar County and its

3

elections administrator because plaintiffs made "no allegation that that Defendants receive or directly benefit from federal financial assistance in connection with the administration of elections generally or voting by mail specifically." 608 F. Supp. 3d at 488.

Here, Plaintiffs have alleged that "Defendant Harris County is a local government that has more than 15 employees and receives federal financial assistance . . .." (DKT 1 at ¶ 147). First, as in *Johnson*, Plaintiffs make no allegation regarding federal financial assistance that even mentions the Clerk—much less states a claim against her. Second, Plaintiffs make the same type of broad allegation that Harris County, which has a population of more than 5 million people and is the largest county Texas, receives some sort of federal financial assistance. This allegation was insufficient in *Johnson*, as it is here.

For these reasons, the Court should dismiss Plaintiffs' claims against Defendants alleging violations Section 504 of the Rehabilitation Act for failure to state a claim.

Dated: March 24, 2026

Respectfully submitted,

**JONATHAN G.C. FOMBONNE**
HARRIS COUNTY ATTORNEY

**SARAH J. UTLEY**
MANAGING COUNSEL,

AFFIRMATIVE AND ENVIRONMENTAL

**CHRISTOPHER GARZA**
DIVISION DIRECTOR,
AFFIRMATIVE & SPECIAL LITIGATION
DIVISION

*/s Lori J. Yount*
**LORI J. YOUNT**
Attorney-In-Charge
Senior Assistant County Attorney
Affirmative & Special Litigation Division
State Bar No. 24084592
SDTX Fed. Bar. No.: 2209496
Lori.Yount@harriscountytx.gov
**EDWARD D. SWIDRISKI III**
Senior Assistant County Attorney
Texas Bar No. 24083929
SDTX Fed. Bar No. 3089960
 Edward.Swidriski@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS
HARRIS COUNTY CLERK
TENESHIA HUDSPETH AND HARRIS
COUNTY**

## CERTIFICATE OF SERVICE

I certify that on March 24, 2026, a copy of the foregoing Motion to Dismiss was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record:

SASHI NISANKARAO
Texas State Bar No. 24102284
DISABILITY RIGHTS TEXAS
100 Glenborough Dr., Ste. 600
Houston, Texas 77067
(832) 209-1105 (phone)
(512) 454-3999 (fax)
sashin@disabilityrightstx.org

EVE L. HILL*
LAUREN J. KELLEHER*
MARISA LEIB-NERI*
BROWN GOLDSTEIN & LEVY
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
lkelleher@browngold.com
mleibneri@browngold.com

ATTORNEYS FOR PLAINTIFFS


*/s/ Lori J. Yount*

6