**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL FEDERATION** | § | |
| **OF THE BLIND OF TEXAS,** | § | |
| **CEDRIC BRYANT, TED** | § | |
| **GALANOS, LOUIS MAHER, and** | § | |
| **MICHAEL MCCULOCH** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **V.** | § | **Civil Action 4:26-cv-00845** |
| | § | |
| **TENESHIA HUDSPETH** *in her* | § | |
| *Official capacity as County Clerk* | § | |
| *of Harris County, Texas;* **and** | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| *Defendants*. | § | |

**DEFENDANTS TENESHIA HUDSPETH AND HARRIS COUNTY'S**
**REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**
<u>**PLAINTIFFS' REHABILITATION ACT CLAIMS**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Teneshia

Hudspeth, in her official capacity as County Clerk of Harris County (Clerk), and

Harris County, file this Reply in support of their Motion to Dismiss (DKT 17) the

Rehabilitation Act claims made in the Complaint (DKT 1) because:

1. Plaintiffs' Complaint fails to link their allegations about the vote-by-mail

   program to receipt of recent federal funding, and excerpts from Harris

   County's website about America Rescue Plan Act (ARPA) funding to

   departments other than the Clerk's Office do not overcome it.

   A. Plaintiffs fail to name ARPA funds in the Complaint.

B. A passing mention to prior grant funding more than 50 paragraphs away from the specific Rehabilitation Act allegations is not sufficient to state a claim that the vote-by-mail program received federal funding at the time of the alleged violations.

2. Defendants will further respond to Plaintiffs' Motion for Judicial Notice pursuant to Local Rules and request an opportunity to be heard pursuant to Federal Rule of Evidence 201(e), but point out the following now:

A. The Court cannot take judicial notice of the *truth* of the *content* of a governmental document, especially if the facts are disputed.

B. Plaintiffs' requested "facts" address funding to another County department, so they are not facts accurately and readily determinable from Exhibits 1 to 3.

1. **Plaintiffs' Complaint does not specify the federal funding received by the vote-by-mail program at the time of the alleged violations.**

Nothing in or attached to Plaintiffs' Opposition (DKT 25) circumvents the fact that the allegations of federal funding pleaded as an element of Plaintiffs' Rehabilitation Act claims against Defendants is an almost identically broad statement that the same Plaintiff (National Federation of the Blind of Texas) made in another suit. *See Johnson v. Callanen*, 608 F. Supp. 3d 476, 487 (W.D. Tex. 2022). The Western District of Texas found this substantially similar allegation insufficient to state Rehabilitation Act claim not only once on a 12(b)(6) motion to dismiss, but

also on summary judgment. *Id.*; *Johnson v. Callanen*, No. SA-22-CV-00409, 2023 WL 4374998 (W.D. Tex. July 6, 2023). Here, Plaintiffs have alleged as an essential element of their Rehabilitation Act claim that "***Defendant Harris County is a local government that has more than 15 employees and receives federal financial assistance* . . ..**" (DKT 1 at ¶ 147) (emphasis added). There is no mention of a particular department, program, or activity receiving federal assistance.

Plaintiffs' cited case law is simply not on point. *Taylor v. City of Shreveport*, 798 F.3d 276 (5th Cir. 2015) had nothing to do with voting or elections, as well as at least identified the department at issue with specificity and clarity: "[T]he City receives federal funds for the police department." 798 F.3d at 283. In *La Unión del Pueblo Entero v. Abbott*, 618 F. Supp. 3d 449 (W.D. Tex. 2022), the district court was not analyzing whether the Rehabilitation Act claims were pleaded with specificity as program and activity pursuant to Rule 12(b)(6)—but whether the allegations of receipt of federal funding were enough to waive the state's claims of sovereign immunity under the Eleventh Amendment. 618 F. Supp. 3d at 495.

### A. Plaintiffs' Complaint makes no mention of ARPA funds, and neither the Opposition nor the exhibits attached to it show a connection to the Clerk's Office or vote-by-mail.

The exhibits that Plaintiffs attached to their Opposition do not cure the defects in their Complaint, even if it were appropriate for the Court to take judicial notice of them, which it is not, as explained below in Section 2.

3

Exhibits 1 and 3 (DKT 25-1; 25-3): These both appear to be excerpts from Harris County's Adopted Budget for Fiscal Year 2023. The only federal funding mentioned in these excerpts is "ARPA," or America Rescue Plan Act, funds, and the only department apparently receiving these funds is the "Elections Administrator." First, Plaintiffs' Complaint does not specify ARPA funds. Second, the "Elections Administrator," is an office that is not the Clerk's Office, and an office that is no longer legally allowed in Harris County pursuant to state statute. *See* TEX. ELEC. CODE § 31.050. Third, none of the activities mentioned in the exhibits that are allegedly to be funded by ARPA are identified as going to the vote-by-mail program of which Plaintiffs complain.

Exhibit 2 (DKT 25-2): On its face, Exhibit 2 states nothing about federal funding, and it only nebulously refers to "Voter Outreach and Education." Assuming the funds referenced in the bar chart are federal funding, this funding is not identified in Plaintiffs' Complaint, much less linked to the Clerk's Office or to the administration of the vote-by-mail program.

**B. Reference to prior grant is not linked to a program or activity that received federal funding at the time of the alleged discrimination.**

Plaintiffs' mention of a prior grant in a paragraph more than 50 paragraphs before the stated Rehabilitation Act claims also does not save Plaintiffs' Rehabilitation Act claims. Even if pleaded with enough specificity to link the EASE

4

grant to the Rehabilitation Act claims, which it is not, Plaintiffs refer to grant funding that Defendants have not received in almost a decade.

Courts interpreting the requirement that a program or activity receive federal funding have consistently found that "in order to state a claim under the Rehabilitation Act, [plaintiff] must show that [defendant] received federal financial assistance during the time period in which the alleged discriminatory conduct took place." *Hamilton v. Ill. Cent. R. Co.*, 894 F. Supp. 1014, 1017 (S.D. Miss. 1995); *see, e.g., Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 113 n.2 (2d Cir. 2001) ("While Title II applies to all state and municipal governments, § 504 applies only to those government agencies or departments that accept federal funds, and only those periods during which the funds are accepted."); *Stephanidis v. Yale Univ.*, 652 F. Supp. 110, 113 (D. Conn. 1986) ("[T]he program accused of discrimination must be a recipient of federal financial assistance at the time of the alleged discrimination."); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 166 n.3 (" . . . § 504 applies only during the periods during which the funds are accepted."); *DiPietro v. Archbishop Wood High School*, 711 F. Supp. 3d 488, 493 (E.D. Penn. 2024) ("If the school's PPP loan constituted 'Federal financial assistance,' any 'acceptance' of that assistance ended when the government forgave the loan.").

Individual Plaintiffs allege that the past discrimination happened: in "the 2024 election" (DKT 1 at ¶ 23); "voted in person in the past" (DKT 1 at ¶ 33); "voted by mail in the 2025 general election and the 2024 presidential election" (DKT 1 at ¶ 41); "voted by mail twice in previous elections during the COVID-19 Pandemic" (DKT 1 at ¶ 48); and "attempted to vote by mail during the 2024 presidential election (DKT 1 at ¶ 49). Otherwise, the individual Plaintiffs allege they would like to vote by mail in the future.

Plaintiffs' Complaint contains no specific allegations that the grant mentioned in Paragraph 96—or any other federal funds—were received by the vote-by-mail program, or the Clerk's Office—during the time frame in which the Plaintiffs say they were discriminated against. The referenced EASE grant was accepted by the County in 2011, and its funds were exhausted before the COVID-19 Pandemic.

Therefore, Plaintiffs have failed to state a Rehabilitation Act claim because their Complaint fails to specify the federal funding received by the complained-of program or activity at the time that they claim they were discriminated against.

**2. The Court should not take judicial notice of Plaintiffs' exhibits, though Defendants reserve the right to respond to Plaintiffs' separate motion in the time allowed by the Local Rules, as well as request to be heard pursuant to Federal Rule of Evidence 201(e).**

Plaintiffs filed a separate Motion for Judicial Notice (DKT 27) on April 28, 2026. Defendants reserve the right to respond to the motion by the submission date, as allowed by the Local Rules. Defendants would like to make the following points,

though, as Plaintiffs attached the exhibits to and address the judicial notice issue in their Opposition (DKT 25).

A Court may take judicial notice only of "a fact that is not subject to reasonable dispute because" it is either (1) "generally known" or (2) "can be accurately and readily determined" from reliable sources. FED. R. EVID. 201(b). A party is also allowed an opportunity to be heard "on the propriety of taking judicial notice and the nature of the fact to be noticed." 201(e). Defendants request they be heard by responding to Plaintiffs' Motion for Judicial Notice (DKT 27) pursuant to Local Rules.

**A. The Court cannot take judicial notice of the truth of the contents of a government document, especially if the purported facts are disputed, as they are here.**

Although the existence of publicly filed documents may be appropriate for judicial notice, the judicial notice of the truth of the contents of the document is not. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("Such documents [SEC filings] should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents"). "Judicial notice is reserved for 'self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities.'" *Miller v. Stroman*, No. 1-19-CV-00475-ADA, 2020 WL 2494576, at *2 (W.D. Tex. May 14, 2020) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)). In

7

*Miller*, which Plaintiffs cite for support, the court found that judicial notice was inappropriate because even though the documents were arguably public records, the contents were either irrelevant to the case or were an attempt to support "highly disputed inferences." *Id.*, at *3.

Plaintiffs' other cited cases are unpersuasive, as they deal with undisputed facts or ones that could be accurately and readily determined to be directly relevant to the issue, such as legal status and official job requirements. *Thompson ex rel. Neveah T. v. Martinez*, 789 F. Supp. 3d 491, 532 (W.D. Tex. 2025) ("Additionally, the Court takes judicial notice that Texas officers must complete the Basic Peace Officer Course approved by the Texas Commission on Law Enforcement (TCOLE), which has included a mandatory Crisis Intervention Training since at least 2005."); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) ("We therefore take judicial notice of ALPA's status as the collective bargaining representative of the Kitty Hawk pilots."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("In the pleadings before the December Judgment, there was no actual asserted factual dispute."); *Castille v. Port Arthur ISD*, 168 F.4th 240 (5th Cir. Feb. 24, 2026) (finding the trial court did not abuse its discretion in denying judicial notice).

Here, Plaintiffs are asking the Court to take judicial notice of disputed inferences, not readily determinable truisms. Plaintiffs are asking the Court to take judicial notice not of the existence or statements made in Exhibits 1 to 3, but they

are asking the Court to take judicial notice that "Defendants receive and benefit from federal financial assistance in 'any part' of its 'operation[] of [the elections] department,' which Plaintiffs claim 'subjected [them] to discrimination' on the basis of their disabilities.'" (DKT 25 at 7). This is not a "fact" accurately or readily determinable from Exhibits 1 to 3, but an inference made from them regarding the disputed fact of whether Defendants receive federal funding for the program or activity complained of by Plaintiffs at the time of the alleged discrimination. The Court must deny judicial notice of the exhibits as requested by Plaintiffs.

**B. Plaintiffs' purported 'facts' for judicial notice are not relevant to this case, not accurately or readily determinable, or both.**

As discussed in Section 1.A, the "facts" that Plaintiffs want the Court to judicially notice from Exhibits 1 to 3 regard funding to an "Elections Administrator." The Election Administrator is not the Clerk's Office and is an office that is no longer legally allowed in Harris County pursuant to state statute. *See* TEX. ELEC. CODE § 31.050. Plaintiffs' failure to tie any of the funds mentioned in the exhibits to the Clerk's Office or the vote-by-mail program makes them irrelevant. To the extent that these funds could be considered relevant, they are not accurately or readily determinable based on the exhibits presented.

For these reasons, the Court should dismiss Plaintiffs' claims against Defendants alleging violations Section 504 of the Rehabilitation Act for failure to

state a claim, or, alternatively, require Plaintiffs to re-plead their Complaint if they wish to still pursue them.

Dated: May 5, 2026

Respectfully submitted,

**JONATHAN G.C. FOMBONNE**
HARRIS COUNTY ATTORNEY

**SARAH J. UTLEY**
MANAGING COUNSEL,
AFFIRMATIVE AND ENVIRONMENTAL

**CHRISTOPHER GARZA**
DIVISION DIRECTOR,
AFFIRMATIVE & SPECIAL LITIGATION
DIVISION

*/s Lori J. Yount*
**LORI J. YOUNT**
Attorney-In-Charge
Senior Assistant County Attorney
Affirmative & Special Litigation Division
State Bar No. 24084592
SDTX Fed. Bar. No.: 2209496
Lori.Yount@harriscountytx.gov
**EDWARD D. SWIDRISKI III**
Senior Assistant County Attorney
Texas Bar No. 24083929
SDTX Fed. Bar No. 3089960
Edward.Swidriski@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS
HARRIS COUNTY CLERK
TENESHIA HUDSPETH AND HARRIS
COUNTY**

## CERTIFICATE OF SERVICE

I certify that on May 5, 2026, a copy of the foregoing Motion to Dismiss was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record:

SASHI NISANKARAO
Texas State Bar No. 24102284
DISABILITY RIGHTS TEXAS
100 Glenborough Dr., Ste. 600
Houston, Texas 77067
(832) 209-1105 (phone)
(512) 454-3999 (fax)
sashin@disabilityrightstx.org

EVE L. HILL*
LAUREN J. KELLEHER*
MARISA LEIB-NERI*
BROWN GOLDSTEIN & LEVY
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
lkelleher@browngold.com
mleibneri@browngold.com

ATTORNEYS FOR PLAINTIFFS

*/s/ Lori J. Yount*