**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL FEDERATION OF THE BLIND OF TEXAS, CEDRIC BRYANT, TED GALANOS, LOUIS MAHER, and MICHAEL MCCULOCH** *Plaintiffs*, | § | |
| **V.** | § | **Civil Action 4:26-cv-00845** |
| **TENESHIA HUDSPETH** ***in her Official capacity as County Clerk of Harris County, Texas;*** **and HARRIS COUNTY, TEXAS** *Defendants*. | § | |

**DEFENDANTS TENESHIA HUDSPETH AND HARRIS COUNTY'S MOTION TO RECONSIDER ORDER GRANTING, AND RESPONSE TO, PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Defendants, Teneshia Hudspeth, in her official capacity as County Clerk of Harris County (Clerk), and Harris County, file this Motion to Reconsider Order Granting Plaintiffs' Motion for Judicial Notice (DKT 30), and Response to, Plaintiffs' Motion for Judicial Notice (DKT 27) because:

1. Defendants were not heard and request to be heard as required by Federal Rule of Evidence 201(e). The Court granted Plaintiffs' Motion for Judicial Notice before the submission date of 21 days after filing;
2. The Court's Order finding that Plaintiffs' exhibits "establish that Defendants receive federal funding for election administration" (DKT 30)

conflicts with the Court's Order denying as "premature" Defendants' Rule 12(b)(6) motion on whether Plaintiffs sufficiently alleged that Defendants receive federal funding for the challenged program (DKT 31);

3. As worded, the Order improperly takes notice of disputed facts:
   A. A judicially-noticed fact must be indisputable, and Defendants dispute that the challenged program receives federal funding;
   B. The "facts" that Plaintiffs request receive judicial notice address funding to another County department, so they are not facts accurately and readily determinable from Plaintiffs' Exhibits 1 to 3;

Defendants therefore ask the Court to:

1. Withdraw its Order Granting Plaintiffs' Motion to Take Judicial Notice (DKT 30);
2. Provide Defendants an opportunity to be heard under Rule 201;
3. If after reconsideration, the Court does not outright deny Plaintiffs' Motion for Judicial Notice (DKT 27), any grant of judicial notice should be limited to the fact that the materials "are public records on a government website."

**1. Defendants request the opportunity to be heard under FRE 201(e).**

A court may take judicial notice only of "a fact that is not subject to reasonable dispute because" it is either (1) "generally known" or (2) "can be accurately and

readily determined" from reliable sources. FED. R. EVID. 201(b). Under Rule 201, "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." FED. R. EVID. 201(e). The rule further provides that "[i]f the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." *Id.*

Defendants request they be heard by responding to Plaintiffs' Motion for Judicial Notice (DKT 27) pursuant to Local Rules. According to the Local Rules, the submission date for opposed motions is 21 days from filing, and the response in opposition to the motion is due "by the submission day." Local Rules 7.3; 7.4 (A).

Plaintiffs filed their Motion for Judicial Notice (DKT 27) on April 28, 2026, making the submission day May 19, 2026. The Court entered the Order Granting Plaintiffs' Motion to Take Judicial Notice (DKT 30) on May 12, 2026, without this Response from Defendants filed. Therefore, Defendants request that the Court reconsider its Order, as well as to be heard pursuant to Rule 201(e).

**2. The Court acknowledged in its denial of Defendants' 12(b)(6) motion that deciding whether Defendants receive federal funding related to the program at issue was premature—and any judicial notice of it is premature as well.**

In the motion to dismiss, Defendants argued that Plaintiffs did not state a claim under the Rehabilitation Act because Plaintiffs failed to plead the required element that a specific "program or activity receive[s] Federal financial assistance." 29 U.S.C. § 794(a); (DKT 17 at 3). In the Court's ruling denying Defendants' 12(b)(6)

motion, entered May 14, 2026, the Court stated that it "is of the opinion that the motion is premature and cannot be properly addressed in a Rule 12(b)(6) motion . . . ." (DKT 31).

That conclusion—that the issue of whether Defendants receive federal funding is premature—conflicts with the Court's earlier Order Granting Plaintiffs' Motion to Take Judicial Notice, entered May 12, 2026. In that Order, the Court stated in the last sentence that the exhibits presented by Plaintiffs "establish that Defendants receive federal funding for election administration." (DKT 30).

To the extent the Court changed its mind between ruling on the Plaintiffs' Motion for Judicial Notice and Defendants' Motion to Dismiss, Defendants ask the Court to reconsider and deny Plaintiffs' Motion to take Judicial Notice (DKT 27).

**3. The Court improperly took notice of disputed facts.**

Federal Rule of Evidence 201 has an "indisputability hurdle" that must be cleared. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); FED. R. EVID. 201(a) advisory committee's notes ("A high degree of indisputability is the essential prerequisite."). Here, Defendants dispute the fact that documents indicating that American Rescue Plan Act (ARPA) funding was allocated to the "Elections Administration" "establish[es] that Defendants receive federal funding for election administration" currently or with respect to the programs at issue in this suit at the time Plaintiffs allege discrimination. *See* (DKT 30).

The "facts" that the Court judicially noticed from Plaintiffs' Exhibits 1 to 3 relate to funding to an "Elections Administrator." The Elections Administrator is not the Clerk's Office and is an office that is no longer legally allowed in Harris County pursuant to state statute. *See* TEX. ELEC. CODE § 31.050.

Exhibits 1 and 3 (DKT 25-1; 25-3): Both of these exhibits appear to be excerpts from Harris County's Adopted Budget for Fiscal Year 2023. The only federal funding mentioned in these excerpts is ARPA, and the only department apparently receiving these funds is the "Elections Administrator."

> **Priority Outcome: Expand voting access**
>
> *Target: Increase the percentage of eligible voters registered to vote*
>
> **Key budget decisions** for this Priority Outcome include:
>
> - Fund an additional $668K for the Elections Administrator (EA) for eight additional technicians to facilitate, maintain, and train election workers on the new voting equipment.
> - Provide $1.5M in General funds for the EA to transition to a new voter registration technology system.
> - Invest $5M in ARPA funds to augment EA voter outreach activities, to increase community awareness for voting and voter registration.

(DKT 25-3) (yellow highlighting supplied by Defendants).

Exhibit 2 (DKT 25-2): On its face, Exhibit 2 states nothing about federal funding, and it only nebulously refers to "Voter Outreach and Education."




(DKT 25-2) (pink highlighting by Plaintiffs).

Assuming the funds referenced in the bar chart are federal funding, this funding is not identified in Plaintiffs' Complaint, and the chart appears to reference the $5 million to the Elections Administrator seen in (DKT 25-1) and (DKT 25-3).

Federal funds allocated to a defunct—and otherwise illegal to resurrect—office in Harris County does not make it indisputable that "Defendants receive federal funding for election administration."

**A. The Court cannot take judicial notice of disputed facts, even those contained in government documents.**

Although the existence of publicly filed documents may be appropriate for judicial notice, the judicial notice of the truth of the contents of the document is not. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("Such documents [SEC filings] should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents'

contents"). "***Judicial notice is reserved for 'self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities***.'" *Miller v. Stroman*, No. 1-19-CV-00475-ADA, 2020 WL 2494576, at *2 (W.D. Tex. May 14, 2020) (quoting *Taylor*, 162 F.3d at 830) (emphasis supplied). In *Miller*, which Plaintiffs cite for support, the court found that judicial notice was inappropriate because even though the documents were arguably public records, the contents were either irrelevant to the case or were an attempt to support "highly disputed inferences." *Id.*, at *3.

Plaintiffs' other cited cases are unpersuasive, as they deal with undisputed facts or ones that could be accurately and readily determined to be directly relevant to the issue, such as legal status and official job requirements. *Thompson ex rel. Neveah T. v. Martinez*, 789 F. Supp. 3d 491, 532 (W.D. Tex. 2025) ("Additionally, the Court takes judicial notice that Texas officers must complete the Basic Peace Officer Course approved by the Texas Commission on Law Enforcement (TCOLE), which has included a mandatory Crisis Intervention Training since at least 2005."); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) ("We therefore take judicial notice of ALPA's status as the collective bargaining representative of the Kitty Hawk pilots."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("In the pleadings before the December Judgment, there was no actual asserted

factual dispute."); *Castille v. Port Arthur ISD*, 168 F.4th 240 (5th Cir. Feb. 24, 2026) (finding the trial court did not abuse its discretion in denying judicial notice).

**B. The judicially-noticed "facts" are not relevant to this case, not accurately or readily determinable, or both.**

Plaintiffs' failure to tie any of the funds mentioned in the exhibits to the Clerk's Office or the vote-by-mail program makes them irrelevant. To the extent that these funds could be considered relevant, they are not accurately or readily determinable based on the exhibits presented.

Exhibits 1 and 3 (DKT 25-1; 25-3): First, Plaintiffs' Complaint does not specify ARPA funds. Second, the "Elections Administrator," is an office that is not the Clerk's Office, and an office that is no longer legally allowed in Harris County pursuant to state statute. *See* TEX. ELEC. CODE § 31.050. Third, none of the activities mentioned in the exhibits that are allegedly to be funded by ARPA are identified as going to the vote-by-mail program of which Plaintiffs complain. All of these are reasons why these facts are irrelevant to this suit.

Exhibit 2 (DKT 25-2): On its face, Exhibit 2 states nothing about federal funding much less federal funding linked to the Clerk's Office or to the administration of the vote-by-mail program. The exhibit only nebulously refers to "Voter Outreach and Education."

## Conclusion

For these reasons, Defendants respectfully ask the Court to:

1. Withdraw its Order Granting Plaintiffs' Motion to Take Judicial Notice (DKT 30);
2. Provide Defendants an opportunity to be heard pursuant to Federal Rule of Evidence 201(e); and
3. Deny Plaintiffs' Motion for Judicial Notice (DKT 27).
4. Alternatively, any grant of judicial notice should be limited to the fact that the materials "are public records on a government website."

Dated: May 19, 2026

Respectfully submitted,

**JONATHAN G.C. FOMBONNE**
HARRIS COUNTY ATTORNEY

**SARAH J. UTLEY**
MANAGING COUNSEL,
AFFIRMATIVE AND ENVIRONMENTAL

**CHRISTOPHER GARZA**
DIVISION DIRECTOR,
AFFIRMATIVE & SPECIAL LITIGATION
DIVISION

*<u>/s Lori J. Yount</u>*
**LORI J. YOUNT**
Attorney-In-Charge
Senior Assistant County Attorney
Affirmative & Special Litigation Division
State Bar No. 24084592

SDTX Fed. Bar. No.: 2209496
Lori.Yount@harriscountytx.gov
**EDWARD D. SWIDRISKI III**
Senior Assistant County Attorney
Texas Bar No. 24083929
SDTX Fed. Bar No. 3089960
Edward.Swidriski@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS HARRIS COUNTY CLERK TENESHIA HUDSPETH AND HARRIS COUNTY**

## CERTIFICATE OF CONFERENCE

Defense counsel conferred with Plaintiffs' counsel via phone and email on May 19, 2026, and Plaintiff's counsel stated Plaintiffs were opposed to Defendants' Motion to Reconsider Order Granting Plaintiffs' Motion for Judicial Notice (DKT 30).

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, a copy of the foregoing Motion to Dismiss was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record:

SASHI NISANKARAO
Texas State Bar No. 24102284
DISABILITY RIGHTS TEXAS
100 Glenborough Dr., Ste. 600
Houston, Texas 77067
(832) 209-1105 (phone)
(512) 454-3999 (fax)
sashin@disabilityrightstx.org

EVE L. HILL*
LAUREN J. KELLEHER*
MARISA LEIB-NERI*
BROWN GOLDSTEIN & LEVY
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
lkelleher@browngold.com
mleibneri@browngold.com

ATTORNEYS FOR PLAINTIFFS

*/s/ Lori J. Yount*