**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND OF TEXAS; CEDRIC BRYANT; TED GALANOS; LOUIS MAHER; and MICHAEL MCCULLOCH,<br><br>*Plaintiffs*,<br><br>v.<br><br>TENESHIA HUDSPETH, *in her official capacity as County Clerk of Harris County, Texas*; and HARRIS COUNTY, TEXAS,<br><br>*Defendants*. | CIVIL ACTION NO. 4:26-cv-00845 |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Defendants, Teneshia Hudspeth, in her official capacity as County Clerk of Harris County (Clerk), and Harris County, file this answer to the original Complaint filed by Plaintiffs, National Federation of the Blind of Texas, Cedric Bryant, Ted Galanos, Louis Maher, and Michael McCulloch (DKT 1).

## I. **Defendants' Answer**

INTRODUCTION

1. Paragraph 1 does not require a response. However, to the extent a response is necessary, Defendants deny they have committed any violations under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, *et seq.*, or Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq*.

2. Defendants admit that the vote-by-mail ballots available to voters with disabilities are transmitted, marked, and returned on paper. Defendants lack knowledge or information sufficient to form a belief about the truth of whether the vote-by-mail ballots are inaccessible to Plaintiffs or other voters. Defendants deny the vote-by-mail ballots violate federal laws.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants deny that they have refused to extend any system to Plaintiffs in violation of any federal law and deny that the County has a history of voting accessibility issues. Defendants lack knowledge or information sufficient to form a belief about the allegations of a "broader, national barriers to voting for individuals with disabilities."

7. Paragraph 7 does not require a response. To the extent it does, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. Paragraph 8 is a legal conclusion that does not need to be admitted or denied. To the extent it does, Defendants deny the allegations.

JURISDICTION AND VENUE

9. Defendants admit his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1343.

10. Defendants admit venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

PARTIES

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Defendants admit the allegations in the first three sentences of Paragraph 17. Defendant Hudspeth admits that she is tasked with administering ballots by mail as part

of her duties, and Defendants deny any remaining allegations in the last sentence of Paragraph 17.

FACTUAL ALLEGATIONS[1]

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

[1] Plaintiffs use bolded, unnumbered subheadings throughout the "Factual Allegations" and other sections of their Complaint. Defendants have removed many of these subheadings in their Answer, as they are not in and of themselves the allegations, which are contained in the numbered paragraphs in the Complaint. Therefore, the subheadings do not require a response. To the extent these subheadings require a response, Defendants deny any allegations contained in them.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

Plaintiff Michael McCulloch

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Mr. McCulloch attempted to vote by mail during the 2024 presidential election but could not do so privately and independently because the paper vote-by-mail ballot was inaccessible to him. Defendants admit that on October 5, 2024, Mr. McCulloch emailed Harris County's ADA voting assistance email address and requested that Harris County provide a "secure accessible ballot" that he could return via email or U.S. Mail. Defendants deny any remaining allegations in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants admit that on October 29, 2024, an email was sent from the Harris County Clerk's public email address to counsel for Disability Rights Texas that stated, "the Texas Election Code does not include a procedure that makes it possible to provide your client the specific type of 'accessible absentee ballot' requested." Defendants deny any remaining allegations in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Paragraph 66 is a legal conclusion that does not need to be admitted or denied.

67. Paragraph 67 is a legal conclusion that does not need to be admitted or denied.

68. Paragraph 68 is a legal conclusion that does not need to be admitted or denied.

69. Defendants deny that vote-by-mail ballots are only provided in paper form. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69.

70. Defendants admit the allegations in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75. Defendants admit that voters who are active members of the military or are overseas currently have the option of receiving their ballots electronically. Defendants deny that all these voters have the option of marking their ballots electronically. Pursuant to the Texas Election Code, the option to mark and return the ballot electronically is available in the case of military voters eligible to receive hostile fire pay or in a designated combat zone, whose vote-by-mail ballots are coordinated through the Department of Defense, or space voters, whose vote-by-mail ballots are coordinated through the National Aeronautics and Space Administration. *See* TEX. ELEC. CODE §§ 105.001(a); 106.001–002.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77. Defendants have provided vote-by-mail ballots to military and overseas voters, as well as considered vote-by-mail accommodations as requested, in a manner consistent with state and federal law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 77.

78. Paragraph 78 is a legal conclusion that does not need to be admitted or denied.

79. Defendants admit the allegations in Paragraph 79.

80. Defendants deny that the astronauts transmitted their Federal Post Card Applications from the International Space Station to the Harris County Clerk's Office. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80.

81. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding test ballots. Defendants admit the remaining allegations in Paragraph 81.

82. Paragraph 82 does not require a response. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83. Paragraph 83 does not require a response. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84. Paragraph 84 does not require a response. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85. Paragraph 85 does not require a response. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86. Paragraph 86 does not require a response. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants admit communication with Disability Rights Texas regarding the issue of accessibility of vote-by-mail ballots. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88.

89. Defendants admit the Clerk received an email from a representative from Disability Rights Texas on February 1, 2024. Defendants deny that the remaining allegations in Paragraph 89.

90. Defendants admit the allegations in Paragraph 90.

91. Defendants admit the allegations in Paragraph 91.

92. Defendants admit the allegations in Paragraph 92.

93. Defendants admit the allegations in Paragraph 93.

94. Defendants admit the allegations in Paragraph 94.

95. Defendants admit the allegations in Paragraph 95.

96. Defendants admit the allegations in Paragraph 96.

97. Defendants admit the allegations in Paragraph 97.

98. Defendants admit the allegations in Paragraph 98.

CLASS ALLEGATIONS

99. Paragraph 82 does not require a response.

100. Paragraph 82 does not require a response.

101. Paragraph 101 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102. Paragraph 102 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103. Paragraph 103 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 103.

104. Paragraph 104 is a statement regarding relief sought that does not need to be admitted or denied.

105. Paragraph 105 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 105.

106. Paragraph 106 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107. Paragraph 107 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 108.

109. Paragraph 109 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 109.

110. Paragraph 110 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111. Paragraph 111 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111.

112. Paragraph 112 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113. Paragraph 113 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113.

114. Paragraph 111 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 114.

COUNT I

115. Paragraph 115 requires no response. To the extent it requires a response, Defendants deny the allegations in Paragraph 115.

116. Paragraph 116 is a legal conclusion that does not need to be admitted or denied.

117. Paragraph 117 is a legal conclusion that does not need to be admitted or denied.

118. Paragraph 118 is a legal conclusion that does not need to be admitted or denied.

119. Paragraph 119 is a legal conclusion that does not need to be admitted or denied.

120. Paragraph 120 is a legal conclusion that does not need to be admitted or denied.

121. Paragraph 121 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 121.

122. Paragraph 122 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122.

123. Paragraph 123 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123.

124. Paragraph 124 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124.

125. Paragraph 125 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125.

126. Paragraph 126 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126.

127. Paragraph 127 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127.

128. Paragraph 128 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128.

129. Paragraph 129 is a legal conclusion that does not need to be admitted or denied.

130. Paragraph 130 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 130.

131. Paragraph 131 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 131.

132. Paragraph 132 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 132.

133. Paragraph 133 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 133, including specifically denying that the modifications requested by Plaintiffs in their Complaint are reasonable pursuant to Title II of the ADA.

134. Paragraph 134 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 134.

135. Paragraph 135 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 135.

136. Defendants deny that the vote-by-mail modifications requested by Plaintiffs are readily available. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 136.

137. Paragraph 137 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 137.

138. Paragraph 138 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 138.

139. Paragraph 139 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 139.

COUNT II

140. Paragraph 140 requires no response. To the extent it requires a response, Defendants deny the allegations in Paragraph 140.

141. Paragraph 141 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141.

142. Paragraph 142 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 142.

143. Paragraph 143 is a legal conclusion that does not need to be admitted or denied.

144. Paragraph 144 is a legal conclusion that does not need to be admitted or denied.

145. Paragraph 145 is a legal conclusion that does not need to be admitted or denied.

146. Paragraph 146 is a legal conclusion that does not need to be admitted or denied.

147. Paragraph 147 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 147, including specifically denying that Defendants currently receive federal funding for their vote-by-mail ballots or received federal funding for the vote-by-mail ballots at the time of the alleged discrimination.

148. Paragraph 148 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 148.

149. Paragraph 149 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149.

150. Paragraph 150 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150.

151. Paragraph 151 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 151.

152. Paragraph 152 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 152.

153. Defendants deny that the vote-by-mail systems requested by Plaintiffs are readily available. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 153.

154. Paragraph 154 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 154, including specifically denying that Plaintiffs have not received the vote-by-mail ballots as requested in their Complaint "solely by reason of her or his disability."

155. Paragraph 155 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 155.

156. Paragraph 156 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 156.

157. Paragraph 157 is a legal conclusion that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 157.

158. Paragraph 158 is a legal conclusion or request for relief that does not need to be admitted or denied. To the extent it requires a response, Defendants deny the allegations in Paragraph 158.

PRAYER FOR RELIEF

159. Paragraph 159 contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief sought from Defendants.

160. Paragraph 160 contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief sought from Defendants.

161. Paragraph 161 contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief sought from Defendants.

162. Paragraph 162 contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief sought from Defendants.

## II. <u>Defendants' Further Denials and Affirmative Defenses</u>

1. Defendants deny that the accommodations requested by Plaintiffs in their Complaint are reasonable under Title II of the ADA.

2. Defendants deny that Defendants meet the financial assistance requirement of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794.

3. Defendants deny that Plaintiffs meet the causation requirement of Section 504 of the Rehabilitation Act, because Plaintiffs have not received vote-by-mail ballots as requested in their

Complaint due to reasons other than "solely by the reason of her or his disability." 29 U.S.C. § 794(a).

4. Defendants assert the affirmative defense to both the ADA and Rehabilitation Act claims that the modifications requested by Plaintiffs in their Complaint would fundamentally alter the nature of Defendants' vote-by-mail ballots. *See* 28 C.F.R. § 35.150(a)(3).

5. Defendants assert the affirmative defense to both the ADA and Rehabilitation Act claims that the modifications requested by Plaintiffs in their Complaint would create undue financial and administrative burdens. *See* 28 C.F.R. § 35.150(a)(3).

6. To the extent Plaintiffs allege violations occurring more than two years before this suit, these claims are barred by the statute of limitations. See *Holmes v. Tex. A&M Univ.*, 145 F.3d 681, 685 (1998); *Tapp v. Univ. of Tex. Health Sciences Ctr. at Houston—School of Dentistry*, No. H-11-2971, 2011 WL 6339819, at *4 (S.D. Tex. Dec. 19, 2011) ("A two-year statute of limitations applies to claims brought in Texas under the Rehabilitation Act and the Americans with Disabilities Act.").

7. Defendants further deny that Plaintiffs are entitled to injunctive relief. To be entitled to permanent injunctive relief, plaintiffs must (1) prevail on the merits and (2) establish that equitable relief is appropriate in all other respects, including (a) irreparable injury and (b) no adequate remedy at law. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

## III. Defendants' Prayer

Defendants, Teneshia Hudspeth, in her official capacity as County Clerk of Harris County (Clerk), and Harris County, request that upon final hearing, the Plaintiffs take nothing against the

Defendants by reason of this suit, and that the Defendants recover their costs and have such other further relief to which it may be justly entitled.

Dated: June 4, 2026

Respectfully submitted,

**JONATHAN G.C. FOMBONNE**
HARRIS COUNTY ATTORNEY

**SARAH J. UTLEY**
MANAGING COUNSEL,
AFFIRMATIVE AND ENVIRONMENTAL

**CHRISTOPHER GARZA**
DIVISION DIRECTOR,
AFFIRMATIVE & SPECIAL LITIGATION DIVISION

*/s Lori J. Yount*
**LORI J. YOUNT**
Attorney-In-Charge
Senior Assistant County Attorney
Affirmative & Special Litigation Division
State Bar No. 24084592
SDTX Fed. Bar. No.: 2209496
Lori.Yount@harriscountytx.gov
**EDWARD D. SWIDRISKI III**
Senior Assistant County Attorney
Texas Bar No. 24083929
SDTX Fed. Bar No. 3089960
Edward.Swidriski@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS, HARRIS COUNTY CLERK TENESHIA HUDSPETH AND HARRIS COUNTY**

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, a copy of the foregoing Answer was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record:

SASHI NISANKARAO
Texas State Bar No. 24102284
DISABILITY RIGHTS TEXAS
100 Glenborough Dr., Ste. 600
Houston, Texas 77067
(832) 209-1105 (phone)
(512) 454-3999 (fax)
sashin@disabilityrightstx.org

EVE L. HILL*
LAUREN J. KELLEHER*
MARISA LEIB-NERI*
BROWN GOLDSTEIN & LEVY
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
lkelleher@browngold.com
mleibneri@browngold.com

ATTORNEYS FOR PLAINTIFFS

*/s/ Lori J. Yount*